1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    HAL HAYDON,

11            Petitioner,                          No. 2:09-cv-2537 LKK KJN P

12        vs.

13    JOHN W. HAVILAND, Warden,

14            Respondent.                          FINDINGS AND RECOMMENDATIONS

15    _____/

16    I.  Introduction

17            Petitioner is a state prisoner proceeding without counsel with an application for a

18    writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims that his federal

19    constitutional right to due process was violated by a September 2008 decision of the Governor of

20    California that reversed a May 2008 decision of the California Board of Parole Hearings

21    (hereafter "the Board") granting petitioner a parole date.  In addition, petitioner asserts the

22    reversal extended petitioner's incarceration in violation of the terms of petitioner's plea

23    agreement.

24    II.  Standards for a Writ of Habeas Corpus

25            Federal habeas corpus relief is not available for any claim decided on the merits in

26    state court proceedings unless the state court's adjudication of the claim:

1    (1) resulted in a decision that was contrary to, or involved an
     unreasonable application of, clearly established Federal law, as
2    determined by the Supreme Court of the United States; or

3    (2) resulted in a decision that was based on an unreasonable
     determination of the facts in light of the evidence presented in the
4    State court proceeding.

5    28 U.S.C. § 2254(d).

6         Under section 2254(d)(1), a state court decision is "contrary to" clearly

7    established United States Supreme Court precedents if it applies a rule that contradicts the

8    governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially

9    indistinguishable from a decision of the Supreme Court and nevertheless arrives at different

10   result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-06

11   (2000)).

12        Under the  "unreasonable application" clause of section 2254(d)(1), a federal

13   habeas court may grant the writ if the state court identifies the correct governing legal principle

14   from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the

15   prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ

16   simply because that court concludes in its independent judgment that the relevant state-court

17   decision applied clearly established federal law erroneously or incorrectly.  Rather, that

18   application must also be unreasonable."  Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75

19   (2003) (it is "not enough that a federal habeas court, in its independent review of the legal

20   question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations

21   omitted).

22        The court looks to the last reasoned state court decision as the basis for the state

23   court judgment.  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  Where the state

24   court reaches a decision on the merits, but provides no reasoning to support its conclusion, a

25   federal habeas court independently reviews the record to determine whether habeas corpus relief

26   is available under section 2254(d).  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003);

1   Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) ("Independent review of the record is not

2   de novo review of the constitutional issue, but rather, the only method by which we can

3   determine whether a silent state court decision is objectively unreasonable."); accord Pirtle v.

4   Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).  When it is clear that a state court has not reached

5   the merits of a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's

6   deferential standard does not apply and a federal habeas court must review the claim de novo.

7   Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003); Pirtle, 313 F.3d at 1167.

8   III.   Petitioner's Claims

9          A.   Due Process

10          Petitioner claims that his federal constitutional right to due process was violated

11   by the Governor's September 2008 decision to reverse the Board's May 2008 decision granting

12   petitioner a parole date.

13          The Due Process Clause of the Fourteenth Amendment prohibits state action that

14   deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

15   due process violation must first demonstrate that he was deprived of a liberty or property interest

16   protected by the Due Process Clause and then show that the procedures attendant upon the

17   deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

18   490 U.S. 454, 459-60 (1989).

19          A protected liberty interest may arise from either the Due Process Clause of the

20   United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

21   expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

22   221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create

23   a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen,

24   454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is

25   "no constitutional or inherent right of a convicted person to be conditionally released before the

26   expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory

1   language, 'creates a presumption that parole release will be granted' when or unless certain

2   designated findings are made, and thereby gives rise to a constitutional liberty interest."

3   Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a

4   state's use of mandatory language ("shall") creates a presumption that parole release will be

5   granted when the designated findings are made.).

6           California's parole statutes give rise to a liberty interest in parole protected by the

7   federal due process clause.  Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL

8   197627, at *2 (Jan. 24, 2011).  In California, a prisoner is entitled to release on parole unless

9   there is "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181,

10  1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002); see also Cal. Penal

11  Code § 3041(b) (parole release date shall be set unless the Board determines "that consideration

12  of the public safety requires a more lengthy period of incarceration"); Cal. Code Regs. tit. 15,

13  §§ 2281, 2401 (setting forth the factors to be considered by the Board in making the assessment

14  required by Cal. Penal Code § 3041(b)).  The Board's decision may be affirmed, modified or

15  reversed by the Governor within thirty days, Cal. Penal Code § 3041.2, "on the basis of the same

16  factors which the parole authority is required to consider," set forth in a report "stating the

17  pertinent facts and reasons for the action," Cal. Const. art. V, § 8(b).

18          In Swarthout, the United States Supreme Court reversed two Ninth Circuit

19  decisions that had each examined the sufficiency of evidence supporting a determination that

20  petitioner continued to pose a threat to public safety.  In the first case, the Ninth Circuit reversed

21  the Board's denial of parole.  Cooke v. Solis, 606 F.3d 1206, 1213 (2010).  In the second case,

22  the Ninth Circuit reversed the Governor's reversal of the Board's grant of parole.  Clay v. Kane,

23  384 Fed. Appx. 544, 546 (2010).  The Supreme Court reversed both judgments of the Ninth

24  Circuit, holding that "[n]o opinion of [the Supreme Court's] supports converting California's

25  'some evidence' rule into a substantive federal requirement."  Swarthout, 2011 WL 197627, at

26  *3.  In other words, the Court specifically rejected the notion that there can be a valid claim

1   under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding.

2   Id. at *3 ("Because the only federal right at issue is procedural, the relevant inquiry is what

3   process [petitioner] received, not whether the state court decided the case correctly.").  Rather,

4   the protection afforded by the federal due process clause to California parole decisions consists

5   solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an

6   opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. at *2-3.

7   Provided these procedural requirements are met, it is of no consequence that the final parole

8   decision is made by the Governor rather than the Parole Board. Id. at *3; see also Tash v. Curry,

9   2011 WL 304377 (9th Cir. Feb. 1, 2011) (reversed decision of district court that had granted

10  habeas petition based on finding that Governor's reversal of Board's grant of parole was not

11  supported by some evidence of future dangerousness, citing Swarthout).[1]

12          Thus, "the beginning and the end of the federal habeas courts' inquiry" is whether

13  petitioner received "the minimum procedures adequate for due-process protection." Swarthout at

14  *3.  Here, the record reflects that petitioner was present, with counsel, at the May 6, 2008 parole

15  hearing, that petitioner was afforded access to his record in advance, that petitioner participated

16  in the hearing, and that, although the Board found petitioner eligible for parole, the Governor,

17  applying the same factors in his September 29, 2008 decision, denied parole with a statement of

18  reasons.  (Dkt. No. 1 at 42-108, Dkt. No. 10-2 at 102-06.)  According to the United States

19  Supreme Court, the federal due process clause requires no more.  The court finds, therefore, that

20  petitioner's due process challenge is without merit.

21          B.  Plea Agreement

22          Petitioner claims the Governor's reversal of the Board's grant of parole violated

23  petitioner's plea agreement because the terms of petitioner's plea agreement provided for a term

24  of confinement of between 19 years as a matter of law.  (Dkt. No. 1 at 38.)  Petitioner argues that

25

26      [1] The Tash decision is designated "Not for Publication." See Circuit Rules 32.1, Rule 36-3, Rules of the United States Court of Appeals for the Ninth Circuit.

1    the Governor's decision extended petitioner's term of confinement beyond the maximum

2    sentencing range allowed by the facts of petitioner's plea.  (Dkt. No. 1 at 39.)

3           The Alameda County Superior Court issued the last reasoned decision addressing

4    this claim:

5           Here, Petitioner agreed to a guilty plea to second degree murder.
            In exchange, the prosecution dismissed the special circumstance
6           clause (murder committed while engaged in commission of arson)
            and Petitioner was sentenced to 15 years to life in prison with the
7           possibility of parole.  An indeterminate sentence is, in legal effect,
            a sentence for the maximum term unless the parole authority acts
8           to fix a shorter term.  (See *In re Dannenberg* (2005) 34 Cal.4th
            1061, 1097-1098; *In re Honesto, supra*, at pp. 92-93.)  The
9           relevant statutes and regulations that govern parole do not entitle a
            prisoner to release on parole, regardless of the amount of time
10          served, unless the petitioner is found suitable for parole.  (*In re
            Honesto, supra*, at pp. 92-93.)  The record provided by Petitioner
11          does not contain any promises by the prosecutor that the Board or
            the Governor promised that Petitioner would serve a term of
12          imprisonment as established by the regulatory matrix, and
            Petitioner offers no proof that such was the intent of all parties.
13          The plea agreement does not preclude the Board or the Governor
            from exercising their statutorily authorized discretion to consider
14          the facts of the offense in determining his suitability for parole, or
            require that Petitioner would be released on parole at any specific
15          time.

16          Petitioner is parole eligible, is receiving parole consideration
            hearings, and the Governor's decision to reverse the Board's grant
17          of parole complies with due process as explained below.
            Therefore, the plea agreement is being honored.

18

19   (Dkt. No. 10-3 at 4.)

20          Plea agreements are contractual in nature and are construed using the ordinary

21   rules of contract interpretation.  United States v. Transfiguracion, 442 F.3d 1222, 1228 (9th Cir.

22   2006); Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir. 2003).  Courts will enforce the literal

23   terms of the plea agreement but must construe any ambiguities against the government.  United

24   States v. Franco-Lopez, 312 F.3d 984, 989 (9th Cir. 2002).  "[W]hen a plea rests in any

25   significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part

26   of the inducement or consideration, such promise must be fulfilled."  Santobello v. New York,

404 U.S. 257, 262 (1971).  In construing a plea agreement, this court must determine what petitioner reasonably believed to be its terms at the time of the plea.  United States v. Anderson, 970 F.2d 602, 607 (9th Cir. 1992), as amended, 990 F.2d 1163 (9th Cir. 1993).

Petitioner has failed to demonstrate that the Governor's decision violated the terms of his plea agreement.  There is nothing in the record which reflects a promise by the prosecutor or the trial judge that petitioner would be released or granted parole at any particular time or even before the expiration of his life term.  This court may not grant habeas relief based upon petitioner's unsupported statement that he was to serve a term of confinement "of between 19 years." (Dkt. No. 1 at 38.)  In the absence of an agreement that can be specifically enforced, neither the Board nor the Governor is required to find petitioner eligible for parole upon completion of a set term of years.  Rather, consideration of parole suitability remains within the sound discretion of the Board, and subject to the Governor's review.  Cal. Penal Code § 3041. Accord, Atkins v. Davison, 687 F.Supp.2d 964, 976 (C.D. Cal. 2009).  The decision of the state courts rejecting petitioner's claim in this regard is not contrary to or an unreasonable application of federal law, nor is it based on an unreasonable determination of the facts of this case. Accordingly, petitioner is not entitled to relief on this claim.

IV.  Conclusion

For all of the above reasons, the undersigned recommends that petitioner's application for a writ of habeas corpus be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

1  objections, he shall also address whether a certificate of appealability should issue and, if so, why

2  and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

3  the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

4  § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after

5  service of the objections.  The parties are advised that failure to file objections within the

6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst,

7  951 F.2d 1153 (9th Cir. 1991).

8  DATED:  February 14, 2011

9

10  _____
   KENDALL J. NEWMAN

11  UNITED STATES MAGISTRATE JUDGE

12  hayd2537.157

13

14

15

16

17

18

19

20

21

22

23

24

25

26